UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CYNTHIA GILMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12-CV-47 SNLJ |
| ) | |
| LOWE'S HOME CENTERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This personal injury action was brought by plaintiff in the Circuit Court of New Madrid County, Missouri, against defendant Lowe's Home Centers, Inc. ("Lowe's") and Lowe's employee, Jacob Lutes.  Plaintiff claims she slipped and fell in the parking lot of the Sikeston, Missouri Lowe's store.  Plaintiff alleges that defendant Lutes is or was at the time the manager of that store.  Lowe's removed this case to this Court alleging diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1441, because, although defendant Lutes is a Missouri citizen, complete diversity exists between plaintiff and Lowe's (#1).  Lowe's asserts in its Notice of Removal (#1) that defendant Lutes was "not properly joined" because, on January 31, 2010, the date of the incident alleged in the Petition, defendant Lutes was neither the Store Manager, nor employed at Lowe's Home Centers, Inc. #1209 in Sikeston, Missouri. As such, defendant Lowe's contends that Lutes's joinder is fraudulent because there exists no reasonable basis in fact and law supporting a claim against the resident defendant.  As a result, defendants filed a Motion to Dismiss defendant Lutes pursuant to Federal Rule of Civil Procedure 12(b)(6) (#5).

Plaintiff filed a motion to remand (#10).  Then, plaintiff amended her complaint to add defendant Travis Winfrey. who is also a Missouri citizen.  (#14.)  Defendants filed a Rule 12(b)(6) motion to dismiss defendants Lutes and Winfrey (#19); as a result, this Court denied defendants' first motion to dismiss (#5) as moot.

These motions are now ripe for disposition.[1]

I.      **Background**

According to the complaint, the plaintiff slipped and fell on a snowy parking lot outside the Lowe's store in Sikeston, Missouri.  She alleges that defendants Winfrey and Lutes are the store's Store Manager and General Manager, respectively, and that they were Lowe's employees assigned to keep the parking lot and premises safe.  Plaintiff then, generically referring to "defendants," alleges that the defendants knew or should have known about dangerous conditions in the parking lot and that they failed to use ordinary care to remove, remedy, barricade, or warn of the dangerous conditions.  Plaintiff alleges that defendants' failures caused plaintiff to slip and fall onto her right knee, which in turn caused her to suffer numerous, painful, and costly problems.  Plaintiff concedes in her motion to remand (#10) that her damages will exceed the jurisdictional amount in controversy requirement.

II.     **Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their

---

[1]Although the plaintiff's motion to remand (#10) has been fully briefed, plaintiff has not responded specifically to defendants' motion to dismiss (#19), and the time for doing so has passed.  Plaintiff's reply brief in support of her motion to remand (#22), however, appears to address defendants' motion to dismiss.

legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).  A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003).

Further, where a defendant is joined solely to deprive federal courts of jurisdiction, such joinder is fraudulent and will not prevent removal. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983).  "Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Id.*  However, in determining whether a resident has been fraudulently joined to defeat diversity, a Court may look to materials in the record, including affidavits, to determine whether they establish facts supporting claims against the defendant.  13F Charles Alan Wright, Arthur Miller, & Edward Cooper, *Federal Practice and Procedure* § 3641.1 (3d ed. 2009); *Dumas v. Patel*, 317 F. Supp. 2d 1111, 1114 (W.D. Mo. 2004); *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185, 187-88 (E.D. Mo. 1995); *see also Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) (noting that relevant inquiry for fraudulent joinder is whether plaintiff might have claim under state law against defendant, not content of pleadings themselves).

**III.     Discussion**

Defendants Lutes and Winfrey contend that plaintiff's claims against them should be dismissed because no claim can be made against them under Missouri law.  Under Missouri law, an employee may be held personally liable to a third party where he has or assumes full or complete control of his employer's premises, or, if he does not have complete control of the premises, where he breaches some duty to a third party.  *Reeb*, 902 F. Supp. at 188 (citing *Giles v. Moundridge Milling Co.*, 173 S.W.2d 745, 751(Mo. 1943)).  Lutes and Winfrey both state that they were not present on the day of the incident; therefore, they argue, no Missouri law claim may be made against them.

Plaintiff maintains in her motion to remand that her amended complaint shows a lack of diversity among the parties and that her amended complaint makes specific allegations of negligence against both individual defendants.  Plaintiff states specifically that defendants Lutes and Winfrey "were specifically assigned a duty to keep the parking lot and premises safe" and that *each* defendant "knew or...should have known of the dangerous condition."

Given the fact that the defendants have offered evidence outside of the pleadings, this Court is compelled under Rule 12(d) to convert the motion to dismiss to a motion for summary judgment, and under that Rule "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  For that reason, the Court will permit plaintiff an additional 21 days in which to respond to the defendants' motion and defendants seven days to reply thereafter.

**IV.     Conclusion**

Plaintiff's motion to remand and the defendants' motion to dismiss will be held in abeyance.  The defendants' motion to dismiss shall be converted to a motion for summary judgment on the matter of whether plaintiff has fraudulently joined defendants Lutes and Winfrey in order to defeat diversity jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss (#19) shall be converted to a motion for summary judgment on the matter of whether plaintiff has fraudulently joined defendants Lutes and Winfrey in order to defeat diversity jurisdiction;

**IT IS FURTHER ORDERED** that plaintiff shall have until August 1, 2012 to present any additional material pertinent to the converted summary judgment motion.

**IT IS FINALLY ORDERED** that defendants shall have seven days from the date of plaintiff's response in which to file reply materials.

Dated this  11th   day of July, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

5