UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CYNTHIA GILMORE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:12-CV-47 SNLJ |
| LOWE'S HOME CENTERS, INC., et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

This personal injury action was brought by plaintiff in the Circuit Court of New Madrid County, Missouri, against defendant Lowe's Home Centers, Inc. ("Lowe's") and Lowe's employee, Jacob Lutes. Plaintiff claims she slipped and fell in the parking lot of the Sikeston, Missouri Lowe's store.

Plaintiff initially alleged that defendant Lutes is or was at the time the manager of that store. Lowe's removed this case to this Court alleging diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 & 1441, because, although defendant Lutes is a Missouri citizen, complete diversity exists between plaintiff and Lowe's (#1). Lowe's asserts in its Notice of Removal (#1) that defendant Lutes was "not properly joined" because, on January 31, 2010, the date of the incident alleged in the Petition, defendant Lutes was neither the Store Manager, nor employed at Lowe's Home Centers, Inc. #1209 in Sikeston, Missouri. As such, defendant Lowe's contends that Lutes's joinder is fraudulent because there exists no reasonable basis in fact and law supporting a claim against the resident defendant. As a result, defendants filed a Motion to Dismiss defendant Lutes pursuant to Federal Rule of Civil Procedure 12(b)(6) (#5).

Plaintiff filed a motion to remand (#10). Then, plaintiff amended her complaint to add defendant Travis Winfrey, who is also a Missouri citizen. (#14.) Defendants filed a Rule 12(b)(6) motion to dismiss defendants Lutes and Winfrey (#19); as a result, this Court denied defendants' first motion to dismiss (#5) as moot.

The Court converted defendants' Motion to Dismiss to a Motion for Summary Judgment on July 11, 2012 order (#24), to permit the parties to use information outside the pleadings. On August 28, 2012, the Court ordered the parties to engage in limited discovery for the purpose of resolving the motion (#28). The parties have now responded to that order.

Plaintiff's October 11 response states that she has determined that the supervisor on duty on the day of her accident was neither Lutes nor Winfrey, but Teresa Steward. Plaintiff states that she "requests leave to add Teresa Steward...as a party defendant." However, plaintiff does not attach an amended complaint, nor does she explicitly state that she dismisses her claims against Lutes or Winfrey.

## I.     Background

According to the complaint, the plaintiff slipped and fell on a snowy parking lot outside the Lowes store in Sikeston, Missouri. She alleges that defendants Winfrey and Lutes are the store's Store Manager and General Manager, respectively, and that they were Lowe's employees assigned to keep the parking lot and premises safe. Plaintiff then, generically referring to "defendants," alleges that the defendants knew or should have known about dangerous conditions in the parking lot and that they failed to use ordinary care to remove, remedy, barricade, or warn of the dangerous conditions. Plaintiff alleges that defendants' failures caused plaintiff to slip and fall onto her right knee, which in turn caused her to suffer numerous, painful, and costly

problems. Plaintiff concedes in her motion to remand (#10) that her damages will exceed the jurisdictional amount in controversy requirement.

**II.     Legal Standard**

The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). The party invoking federal jurisdiction bears the burden of showing that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). Any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

Where a defendant is joined solely to deprive federal courts of jurisdiction, such joinder is fraudulent and will not prevent removal. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). "Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." *Id.* However, in determining whether a resident has been fraudulently joined to defeat diversity, a Court may look to materials in the record, including affidavits, to determine whether they establish facts supporting claims against the defendant. 13F Charles Alan Wright, Arthur Miller, & Edward Cooper, *Federal Practice and Procedure* § 3641.1 (3d ed. 2009); *Dumas v. Patel*, 317 F. Supp. 2d 1111, 1114 (W.D. Mo. 2004); *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185, 187-88 (E.D. Mo. 1995); *see also Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) (noting that relevant inquiry for fraudulent joinder is whether plaintiff might have claim under state law against defendant, not content of pleadings themselves).

Summary judgment is appropriate if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

## III. Discussion

Defendants Lutes and Winfrey contend that plaintiff's claims against them should be dismissed because no claim can be made against them under Missouri law.

Plaintiff's motion to remand asserts that her amended complaint shows a lack of diversity among the parties and that her amended complaint makes specific allegations of negligence against both individual defendants. In her October 11 memorandum, plaintiff states that her original petition had a reasonable basis in fact and law for including Lutes as an individual defendant. She further states that "if this Court finds merit in Defendant Lowe's argument that the alleged absence of Defendant Lutes and [Winfrey][1] from the premises when the accident occurred equates to fraudulent joinder, this Court's granting leave for plaintiff to add supervisor

---

[1] Plaintiff's memorandum says "Defendant Lutes and Jacobs." The Court presumes she intended to write "Defendants Lutes and Winfrey."

4

Teresa Steward as the on-scene supervisor would cure any such concern." In support, she states that she "has alleged and believes she can prove that the store manager and/or on-scene supervisor was responsible for handling the tasks of maintaining a safe parking lot at Lowes, but failed to do so, causing injuries to Plaintiff."

Plaintiff appears to maintain that she has a claim against Lutes and Winfrey, and that they should remain defendants in this action. Defendants insist that because it is undisputed that neither Lutes nor Winfrey was in the store on the day of the accident, that there is no liability as to them under Missouri law.

Missouri law recognizes certain circumstances under which an employee may be held personally liable to a third party:

> First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer. A second situation involves liability on the part of the employee who does not have complete control of the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person. The test is whether he has breached his legal duty or been negligent with respect to something over which he did have control.

*State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. Ct. App. 1992) (citations omitted) (*quoted in Augustine v. Target Corp.*, 259 F. Supp. 2d 919, 921 (E.D. Mo. 2003)). Courts in this district have held that well-crafted pleadings have stated claims against defendant store managers who were not present on the day of the subject incidents. *See, e.g.*, *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1149 (E.D. Mo. 2004); *Augustine*, 259 F. Supp. 2d at 922; *but see Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185 (E.D. Mo. 1995) (holding that store manager defendant had been fraudulently joined where plaintiff could not provide any factual basis to support that defendant had requisite knowledge to support a claim).

In *Augustine*, for example, the plaintiff had alleged that the store manager was responsible for maintaining the parking lot in which plaintiff was injured, that the manger was negligent in allowing plaintiff near the raised grate, that he knew or should have known that invitees were unaware of the grate, that he negligently failed to warn, and that he negligently failed to rope off or repair the grate. 259 F. Supp. 2d at 922. The defendant store manager — who, like here, was a diversity-destroying resident defendant — averred that he was neither present at the time of the injury nor did he have notice of any dangerous condition. *Id.* at 920. The court nonetheless held that plaintiff's specific allegations satisfied the pleading standard and that store manager had "not shown that he has no real connection to the controversy," so store manager was not fraudulently joined. *Id.* at 922.

Plaintiff here has adequately pleaded state law claims against the individual resident defendants. Plaintiff states specifically that defendants Lutes and Winfrey "were specifically assigned a duty to keep the parking lot and premises safe" and that each defendant "knew or...should have known of the dangerous condition." The store manager defendants in *Augustine* and *Manning*, however, were actually store managers (though, as noted, they denied being present at the time of the injury or that they had notice of any dangerous condition). Here, there is no dispute that defendant Lutes was not even employed by Lowes on the date of the incident (defendant Winfrey, on the other hand, appears to be a current store manager and simply avers that he was not present at the store on that day). Thus, there is no reasonable basis in fact or law supporting a claim against Lutes, who — by virtue of his not even being employed by Lowe's on the date of the incident, has no connection at all to the incident. Winfrey, on the other hand, may be properly joined, so his joinder is not fraudulent in accordance with *Manning*, 304 F. Supp. 2d

at 1149, and *Augustine*, 259 F. Supp. 2d at 922. *See also Transit Cas. Co.*, 119 F.3d at 625 (8th Cir. 1997) (holding that any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand). The Court will thus remand this action to state court, where plaintiff may seek to add Teresa Seward as a defendant.

**IV.    Conclusion**

Plaintiff's motion to remand is granted. Defendant Lutes and Winfrey's motion to dismiss is denied as moot.

Dated this  30th  day of October, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE